IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM H MACK, JR,

    Plaintiff,

v.                                        CASE NO. 1:11-cv-161-MP-GRJ

CITY OF HIGH SPRINGS, et al.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint and has been granted leave to proceed as a pauper pursuant to 28 U.S.C § 1915. Docs. 1 and 4. The Court directed Plaintiff to file an amended complaint clarifying his claims, and this case is now before the Court for screening of Plaintiff's Amended Complaint, Doc. 5, and upon Plaintiff's "Motion for Emergency Intervention," Doc. 6, in which Plaintiff seeks *inter alia* to supplement the claims in the Amended Complaint. For the following reasons, the undersigned recommends that this case be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

## Plaintiff's Claims

Plaintiff alleges that he is African American and disabled. Plaintiff's factual allegations reflect that he has been engaged in ongoing disputes with his neighbors, the City of High Springs, and officers of the High Springs Police Department over various property matters. Plaintiff's claims may be summarized as follows: (1) Defendants "coerced, intimidated, threatened, or interfered with a person in a protected activity;" (2)

Defendants retaliated against Plaintiff by ignoring his complaints regarding City services and the handling of disputes with Plaintiff's neighbors; (3) the High Springs Police Department has "not been an equal opportunity responder or enforcer of the laws as it relates to [Plaintiff]" and his neighbor Sandra Jones, a white female; (4) the City of High Springs violated policies and ordinances by allowing "illegal dumping, road closure, failure to respond or investigate the destruction of utility equipment;" (5) the City of High Springs violates its ordinances and policies with respect to garbage service; (6) the City of High Springs threatened to shut off his water service for non-payment; (7) the City's waste service provider, Southland Waste, left Plaintiff's trash container out of the area where they had agreed to return it; and (8) Plaintiff has felt threatened by the actions of High Springs Police in responding to complaints by Plaintiff's neighbor.  The Defendants identified in the Complaint are High Springs Police Officer and Acting Chief of Police, High Springs City Manager Jenny Broham, High Springs City Attorney Thomas Depeter, and High Springs City Commissioners and Mayor.  Doc. 5.

## Standard of Review

Pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) governing proceedings *in forma pauperis*, the Court shall dismiss a case at any time if the Court determines that the action fails to state a claim upon which relief may be granted.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject

to dismissal, pursuant to 28 U.S.C. § 1915A. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

## Discussion

Even liberally construed, the Amended Complaint fails to allege facts that are sufficient to state plausible claims for relief. To the extent that Plaintiff seeks to assert a claim under the Americans With Disabilities Act (ADA), to state such a claim Plaintiff must "show a disability, the denial of a public benefit, and that such denial of benefits, or discrimination was by reason of the plaintiff's disability." *Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir.1996) (citation and quotation marks omitted). Accepting as true Plaintiff's allegation that he is disabled, he has alleged no facts that plausibly

suggest that any of the actions of Defendants with regard to Plaintiff's various complaints are due to Plaintiff's disability. Plaintiff asserts that he has received poor service from Southland Waste, but he also states in the Complaint that many residents of High Springs have made similar complaints regarding waste service. Plaintiff's conclusional allegation that his poor service is due to his disability is insufficient to state a claim for relief under the ADA.

The Court liberally construes the Amended Complaint as attempting to assert a claim under the Fair Housing Act (FHA) because Plaintiff included an exhibit showing that he filed a complaint of unlawful housing practice with the Florida Commission on Human Relations. The FHA provides that it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities" based on that person's national origin or handicap. 42 U.S.C. § 3604(b), (f)(2). Discrimination on the basis of a handicap includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). To the extent that Plaintiff has a handicap within the meaning of the FHA, he has alleged no facts that plausibly suggest that any of the actions of Defendants are due to Plaintiff's handicap. Plaintiff's conclusional assertion of discrimination is insufficient to state such a claim.

The Court liberally construes the Amended Complaint as seeking to assert a claim under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, which prohibits discrimination on account of race, color, or national origin in all programs and activities receiving federal financial assistance. *Robinson v. Vollert*, 602 F.2d 87, 89 (5th

Cir.1979).  The statute requires that a person prove that he was denied participation, based on his race, in a federally funded program for which he was otherwise qualified. 42 U.S.C. § 2000d.  Plaintiff's factual allegations are insufficient to establish a violation of Title VI, because he has alleged no facts that plausibly suggest that any of the Defendants' actions are based on Plaintiff's race.

Read as a whole, the Complaint reflects that Plaintiff has a rancorous relationship with his neighbors stemming from various personal property disputes, that these relationships have resulted in the intervention of local law enforcement and City officials, and that Plaintiff is dissatisfied with many City services and the actions of City officials who have intervened in the disputes.  While the Court accepts that Plaintiff may be angry and frustrated with these circumstances, his factual allegations fall far short of establishing that he is entitled to resolve these disputes in a federal forum.

## Conclusion

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's "motion for emergency intervention," Doc. 6, is **GRANTED IN PART** to the extent that Plaintiff seeks to supplement the claims in the Amended Complaint.  In all other respects, the Motion is **DENIED**.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this 28th day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 1:11-cv-161-MP-GRJ*

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**